```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

THE CITY OF CHARLESTON, WEST VIRGINIA,
a West Virginia Municipal Corporation;
KANAWHA COUNTY, WEST VIRGINIA; THE
KANAWHA COUNTY COMMISSION; THE
CHARLESTON CONVENTION AND VISITORS
BUREAU; and THE KANAWHA-CHARLESTON
BOARD OF HEALTH,

      Plaintiffs,

v.                                    Civil Action No.: 2:16-01531

WEST VIRGINIA-AMERICAN WATER COMPANY,
a West Virginia Corporation; AMERICAN
WATER WORKS COMPANY, INC., a Delaware
Corporation; AMERICAN WATER WORKS
SERVICE COMPANY, INC., a New Jersey
Corporation; EASTMAN CHEMICAL
COMPANY, a Delaware Corporation;
GARY SOUTHERN, and DENNIS FARRELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion to remand, filed March 7, 2016.

### I.   Factual and Procedural Background

Plaintiffs instituted this action in the Circuit Court of Kanawha County on January 8, 2016.  The complaint seeks damages, equitable remedies, and statutory relief relating to the spill of a coal processing chemical mixture into the Elk

River from a site operated by Freedom Industries, which resulted in the interruption of the water supply to approximately 300,000 individuals in West Virginia beginning on January 9, 2014.

Plaintiffs are the City of Charleston, a municipal corporation; Kanawha County and the Kanawha County Commission; the Charleston Convention and Visitors Bureau; and the Kanawha-Charleston Board of Health. Each of these governmental entities alleges that it "suffered economic losses, property losses, damage to tax revenues, harm to reputation, general damages, and other losses or injuries as a result of the Elk River spill." (Compl. ¶ 11). The fifteen-count complaint contains claims for negligence, gross negligence, *prima facie* negligence, breach of express and implied warranties, violations of the West Virginia Consumer Credit and Protection Act, strict products liability, strict liability for ultrahazardous activities, public nuisance, medical monitoring, punitive damages, and the equitable remedy of piercing the corporate veil.

Defendants are American Water Works Company, Inc., a Delaware corporation; American Water Works Service Company, Inc., a New Jersey corporation; West Virginia-American Water Company, a West Virginia corporation; Eastman Chemical Company ("Eastman"), a Delaware corporation, and individuals Gary Southern and Dennis Farrell, both former executives of Freedom

Industries.

On February 12, 2016, Eastman removed asserting that this court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as set forth in 28 U.S.C. § 1332(d). (ECF No. 1). In their motion to remand, plaintiffs argue that they have not pled a class action as defined by CAFA, making that statute inapplicable as a basis for jurisdiction. In addition to remand, plaintiffs request an award of costs incurred due to removal.

## II. Governing Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). CAFA extends federal subject matter jurisdiction, and concomitant removal authority, over certain class actions in which there is minimal diversity between parties and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.[1] See Ferrell v. Express Check Advance of SC LLC, 591 F.3d

---

[1] CAFA also applies to a group of non-class actions defined as "mass actions." See 28 U.S.C. § 1332(d)(1)(B). However, this distinction is not relevant for present purposes because Eastman has not argued that the instant action should be treated

3

698, 702 (4th Cir. 2010) (quoting 28 U.S.C. § 1332(d)(2)(A)). The statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

When removal under CAFA is challenged, "the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008) (emphasis in original). However, because Congress intended CAFA "to facilitate adjudication of certain class actions in federal court," the Supreme Court has held that the usual presumption against removal does not apply to cases removed under CAFA. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (citing Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350 (2013)).[2]

---

as a mass action under CAFA.

[2] Plaintiffs correctly note the general proposition that due to the "significant federalism concerns" raised by removal jurisdiction, district courts must "strictly construe removal jurisdiction" and order remand if that jurisdiction is "doubtful." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). However, Mulcahey predates CAFA, and to the extent it prescribes a presumption against removal, that presumption is inapplicable to cases removed under CAFA in light of the Owens decision.

III. Discussion

Plaintiffs have not disputed that this action meets CAFA's jurisdictional requirements for minimal diversity and the amount in controversy.  As a result, the propriety of removal under CAFA turns solely on the question of whether this action qualifies as a "class action" under the statute.  As noted above, the statute defines class actions by reference to Federal Rule of Civil Procedure 23, which establishes requirements for numerosity, commonality, and typicality of claims in federal class actions.  While this action was not brought under that rule, Eastman contends it qualifies as a class action because it was filed pursuant to a "similar State statute or rule of judicial procedure," namely, Rule 23 of the West Virginia Rules of Civil Procedure.

The complaint does not cite West Virginia Rule 23 and does not explicitly discuss class action claims or the proposed definition of a class.  However, Eastman argues that plaintiffs' claims are brought "on their [own] behalf and on behalf of the residents and businesses of the City of Charleston and Kanawha County," and that those claims facially meet the requirements of Rule 23. (ECF No. 1 at 2).  Eastman urges the court to "look at the nature of the Complaint and determine whether it is a 'class action in all but name.'"  Id. at 4. (quoting W. Virginia ex

5

rel. McGraw v. Comcast Corp., 705 F. Supp. 2d 441, 452 (E.D. Pa. 2010)).

Plaintiffs describe this action, by contrast, as one brought by four individual government entities, each seeking damages on its own behalf, and "not damages for any individual person or business." Mem. in Supp. of Remand at 4 (ECF No. 6). Plaintiffs rely on West Virginia ex rel. McGraw v. CVS Pharmacy, Inc. ("CVS Pharmacy") for the proposition that because their action has not been pled pursuant to Federal Rule of Civil Procedure 23 or a similar West Virginia statute, it does not fall within the ambit of CAFA's removal provision. See 646 F.3d 169, 174-75 (4th Cir. 2011). In CVS Pharmacy, the Fourth Circuit affirmed remand of an action brought by the West Virginia Attorney General under the state's Pharmacy Act and the West Virginia Consumer Credit and Protection Act (WVCCPA), holding that the suit was a parens patriae action seeking to vindicate the state's sovereign interests under those statutes rather than a class action. Id. at 175-76. Rejecting the argument that either of those statutes is a "similar State statute" for CAFA purposes, the CVS Pharmacy court explained:

> At its essence, Rule 23 provides that "one or more members of a class may sue or be sued as representative parties on behalf of all members *only* if" the criteria for numerosity, commonality, typicality, and adequacy of representation are satisfied. Without this representative nature of the plaintiffs' action and the

6

>action's satisfaction of the four criteria stated in Rule 23(a), the action is not a class action. It is not fortuitous that CAFA parroted Rule 23 language when it required that a "similar" state statute or rule "authoriz[e] an action to be brought by 1 or more representative persons as a class action." Thus, while a "similar" state statute or rule need not contain all of the other conditions and administrative aspects of Rule 23, it must, at a minimum, provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class, such that it would not be unfair to bind all class members to the judgment entered for or against the representative party.

646 F.3d at 174-175 (citations omitted) (emphasis in original).

In opposition to remand, Eastman insists that notwithstanding the complaint's failure to cite a statute or procedural rule signifying the case is a putative class action, the facts alleged therein suffice to show the plaintiffs have brought a "'class action' in disguise." Mem. Opp. Remand at 13 (ECF No. 13). Eastman argues that this case is distinguishable from CVS Pharmacy because in that case the attorney general relied on explicit statutory authority in the Pharmacy Act and the WVCCPA to bring the claims at issue. Therefore, Eastman argues, the court's determination that those statutes are not "similar" to the federal rule does not foreclose its argument that plaintiffs have pled a class action in disguise by omitting citation to West Virginia Rule 23 in what otherwise would be a textbook class action. Eastman asserts that unlike the attorney

7

general's claims in CVS Pharmacy, plaintiffs' claims in this case would apparently satisfy the requirements of the federal rule and its state counterpart.  Eastman emphasizes that the complaint repeatedly references alleged injuries suffered not just by the named plaintiffs but also by the residents and businesses in the city and county.  Eastman reasons that to the extent plaintiffs purport to represent the interests of those residents and businesses, they may not simultaneously disclaim that representation to deprive this court of jurisdiction.

     The court concludes that the plain language of 28 U.S.C. § 1332(d) forecloses Eastman's argument that CAFA extends jurisdiction to this case.  CAFA's definition of a class action includes only actions "filed under rule 23 . . . or similar State statute or rule."  28 U.S.C. § 1332(d)(1)(B) (emphasis added).  While CAFA allows for removal of putative class actions prior to the entry of a class certification order, it does not displace the general principle that plaintiffs are masters of their complaint and may omit claims or parties to avoid federal jurisdiction.  See Johnson v. Advance America, 549 F.3d 932, 937 (4th Cir. 2008) (rejecting CAFA jurisdiction where "plaintiffs [had] taken care to restrict the scope of their allegations so as to avoid federal jurisdiction under CAFA"); Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) ("The enactment of CAFA

did not alter the proposition that the plaintiff is the master of the complaint."). Eastman cannot meet its burden of demonstrating that this action was "filed under" a state statute or rule similar to Rule 23, because the complaint contains only claims for recovery asserted by plaintiffs themselves, rather than any claim for recovery on behalf of purported class members.

It is true that in some circumstances, an action may be removable under CAFA because though a government entity is the named plaintiff, the whole complaint reveals that the real parties in interest are that entities' citizens. See Louisiana ex rel. Caldwell v. Allstate Ins. Co., 536 F.3d 418 (5th Cir. 2008) (finding CAFA jurisdiction over antitrust action brought by state on behalf of its citizens). In such cases, CAFA jurisdiction must be evaluated based on the real parties in interest in order that artful pleading not be allowed to defeat federal jurisdiction. However, the courts that have adopted this rationale for CAFA jurisdiction have done so in parens patriae cases brought by states to address wrongs against individuals. In each of those cases, individuals were the real parties in interest and the state was no more than a nominal party with respect to some or all of the claims at issue. See, e.g., Allstate, 536 F.3d at 429-30 (individual policyholders,

9

not state, were real parties in interest for antitrust claim); Comcast, 705 F. Supp. 2d at 451-52 ("Comcast's premium cable subscribers in West Virginia are the real parties in interest with respect to the treble damages claim.").

By contrast, there is no question in this case that the plaintiffs are not merely nominal parties bringing claims on behalf of aggrieved individuals. As discussed above, the complaint extensively alleges direct injuries to the plaintiffs. For example, plaintiffs allege that the Elk River spill:

> placed the . . . attractiveness, desirability and reputation of the City of Charleston and Kanawha County, and all the Plaintiffs, in serious peril and [caused] untold damages both in terms of the loss of immediate revenue due to the extensive shutdown of, and limitations on, restaurants, hotels, and other businesses; the costs associated with City of Charleston and Kanawha County workers responding to the resulting crisis; and the short and long term impact of the damage to the city and county's overall reputation, image, marketability, tax revenues, tourism, fees, and other damages.

(Compl. ¶ 3). While the complaint repeatedly reference injuries incurred by residents and businesses of the City and County, these statements do not transform the claims brought by the plaintiffs into claims for compensation of those residents and businesses. Because the plaintiffs' claims relate to the government entities' tax revenue as well as the reputation of the affected area, the impact on residents and businesses is directly relevant to the plaintiffs' claims.

10

Eastman also focuses on the plaintiffs' claim for a medical monitoring program, arguing that because the plaintiffs, as government bodies, cannot benefit from medical monitoring, the real party in interest for that claim must be individual residents. This argument fails for two reasons. First, to the extent plaintiffs are not entitled to the benefit of medical monitoring, they could not serve as class representatives bringing such a claim. Consequently, Eastman's argument that the action is a "class action in disguise" fails. Second, while Eastman assumes the plaintiffs cannot succeed on their medical monitoring claim, plaintiffs argue that the Kanawha-Charleston Board of Health has a legitimate claim to that relief as the body responsible for the city's public health. In <u>In re Oxycontin Antitrust Litigation</u>, the District Court for the Southern District of New York rejected an identical argument by the defendant, Purdue Pharma, L.P., that the presence of a medical monitoring claim should transform an action brought by the Commonwealth of Kentucky and one of its counties into a class action brought on behalf of their citizens:

> While Purdue is correct that a plaintiff cannot minimize an allegation in the complaint that supports federal jurisdiction, Purdue cannot manufacture jurisdiction where none exists. As Purdue would have it, because the Commonwealth has asserted claims [including medical monitoring] that, according to Purdue, will not succeed unless brought by individual consumers, the Court should transform this case into a class action. But the

> Commonwealth has expressly asserted that it only seeks recovery for expenses incurred by the State; it is not asserting any private claims on behalf of Kentucky citizens. The Court sees no reason not to accept the Commonwealth's representations regarding the relief it seeks.

See 821 F. Supp. 2d 591, 603 (S.D.N.Y. 2011). Plaintiffs have repeatedly averred that they are not seeking to recover on behalf of any unnamed individuals. Like the Southern District of New York, this court "sees no reason not to accept the [plaintiffs'] representations regarding the relief [sought]." In doing so, the court does not opine on the viability of any of the claims contained in the complaint.

CVS Pharmacy states that in order for a state statute or rule to be "similar" to Federal Rule 23 such that CAFA jurisdiction applies, that statute or rule "must, at a minimum, provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class." 646 F.3d at 175. While there is no doubt that West Virginia Rule 23 provides such a procedure, the plaintiffs simply have not brought this action pursuant to that rule. As noted above, Eastman bears the burden of demonstrating that removal was proper by showing that this action is a class action under CAFA. Even assuming, without deciding, that Eastman is correct in asserting that an action may qualify as a "class

12

action in disguise" even where no adequate statute or rule of procedure is cited in the complaint, it has failed to demonstrate that the instant case is such an action. Accordingly, the court will remand the case to the state circuit court.

The only remaining issue is the plaintiffs' request for an award of costs incurred by Eastman's removal. A remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this case, while the court concludes that it lacks subject matter jurisdiction under CAFA, Eastman's argument in favor of removal was not objectively unreasonable. The broad language in the complaint suggesting that injuries to residents and businesses in the affected area might be at issue provided Eastman with a reasonable, if ultimately incorrect, basis to seek removal. The plaintiffs' request for costs will therefore be denied.

## IV. Conclusion

Based upon the foregoing, the court concludes that it lacks subject matter jurisdiction under CAFA. Accordingly, it is ORDERED that plaintiffs' motion to remand be, and it hereby is, granted. It is further ORDERED that plaintiffs' request for an award of costs be, and it hereby is, denied. The court will, by companion order entered contemporaneously herewith, remand this action to the Circuit Court of Kanawha County.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and any unrepresented parties and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

DATED: June 21, 2016

John T. Copenhaver, Jr.
United States District Judge